Filed 9/5/24  P. v. Lopez CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br>DANIEL LOPEZ,<br><br>          Defendant and Appellant. | A169183<br><br>(Solano County<br>Super. Ct. No. VCR228164) |

Defendant Daniel Lopez appeals after a remand for resentencing.  His appellate counsel filed a brief raising no issues, but asking this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a brief raising several arguments, including challenges to his original trial.  We affirm.

## DISCUSSION

A jury convicted defendant of two counts of attempted murder (Pen. Code, §§ 664, 187, subd. (a)),[1] three counts of assault with a firearm (§ 245, subd. (a)(2)), and one count of possession of a firearm by a felon (§ 29800,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

subd. (a)(1)) and found true several enhancements. Defendant filed a motion for new trial and a *Romero* motion.[2] The trial court denied both motions and sentenced defendant to an aggregated term of 111 years 8 months to life, which included the imposition of two, one-year enhancements for defendant's prior prison terms.

On direct appeal of the conviction (*People v. Lopez* (Mar. 17, 2022, A154417) [nonpub. opn.]), this court struck the one-year prior prison term enhancements in light of Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended section 667.5, subdivision (b), to limit its prior prison term enhancements to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b), and remanded the matter to the trial court for a full resentencing hearing. (*Lopez, supra*, A154417.) In all other respects, we affirmed. (*Ibid.*)

Upon remand, the trial court denied defendant's renewed *Romero* motion and imposed a new aggregate term of 109 years 8 months (reduced by two years for the stricken prior prison term enhancements) with credit for 2,875 days.[3] Defendant filed the instant appeal, and his counsel filed a brief raising no issues and asking this court to conduct an independent review of the record. (*Wende, supra*, 25 Cal.3d 436.)

As our Supreme Court recently explained, *Wende* held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.) The *Wende* procedure applies "to the first appeal as of right and is

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] The court filed both a determinate and indeterminate amended abstract of judgment.

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.) *Delgadillo* held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, at pp. 222, 224–225.) It further held that if the defendant files a supplemental brief, the court must evaluate the arguments presented, but the court is not required to independently review the entire record to identify unraised issues. (*Id*. at p. 232.) Although the postconviction relief at issue here is different than that in *Delgadillo*, the same principles apply because this is not defendant's first appeal as of right. We therefore address the issues in defendant's supplemental brief and further exercise our discretion to independently review the record.

### Issues Raised in Supplemental Brief

#### Challenges to Original Trial

In his supplemental briefing, defendant raises several errors that allegedly occurred during his original trial, including that the trial court erred in admitting certain in-court identifications and excluding his expert's testimony, and prosecutorial and juror misconduct. None of these issues are cognizable in this appeal. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing"]; see *People v. Deere* (1991) 53 Cal.3d 705, 713 [appellate claims regarding the guilt phase of trial could not be raised in a subsequent appeal following remand as to the penalty phase only where the judgment had been affirmed in all other respects in the original appeal].)

*Racial Justice Act*

Defendant also raises a claim under the Racial Justice Act (RJA) (§§ 745, 1473, subd. (f), 1473.7, subd. (a)(3)). Specifically, defendant, who is Hispanic, maintains he was "over sentenced due to [his] race," and that his sentencing judge and Solano County courts sentence Hispanic and Black inmates to much more "severe" sentences than other races convicted of the same crime. (§ 745, subd. (a)(4).)

Effective January 1, 2021, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining or imposing a sentence "on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) As relevant here, section 745, subdivision (a)(4) states a violation of the RJA occurs where a "longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed." (§ 745, subd. (a)(4)(A); *People v. Wilson* (2024) 16 Cal.5th 874, 966.)

As originally enacted, "defendants could seek relief by filing a motion in the trial court or, if judgment had been imposed, by filing a 'petition for writ of habeas corpus or a motion under section 1473.7, in a court of competent jurisdiction, alleging a violation of subdivision (a).)' [Citation.] When enacted, section 745 applied only *prospectively* to cases in which judgment had not been entered prior to January 1, 2021." (*People v. Lashon* (2024) 98 Cal.App.5th 804, 810 (*Lashon*); Assem. Bill No. 2542 (2019–2020 Reg. Sess.); Stats. 2020, ch. 317.) "Section 745 was later amended effective January 1, 2023, to provide for *retroactive* application to judgments that were

4

not final and created a timeline for judgments entered before January 1, 2021. (Stats. 2022, ch. 739, § 2.) After retroactive application became possible, section 745 was modified by Assembly Bill [No.] 1118 (Stats. 2023, ch. 464), effective January 1, 2024," providing a third means for defendants to seek relief. (*Lashon,* at p. 810.) As relevant, defendants may now seek relief through: (1) motion filed in the trial court or in a court of competent jurisdiction; (2) a petition for habeas corpus; or (3) for claims "based on the trial record, a defendant may raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence." (§ 745, subd. (b); *Lashon,* at p. 810.)

The principle holding of *Lashon* is that while a defendant may now pursue an RJA claim on direct appeal from the judgment, the appellate principles of forfeiture and waiver apply and therefore a defendant cannot raise an RJA claim *for the first time* on appeal. (*Lashon, supra,* 98 Cal.App.5th at p. 810.) Defendant failed to make any mention of the RJA during the resentencing proceedings and has therefore forfeited any RJA claim on direct appeal therefrom. (*Id.* at pp. 809–816.)

In addition, defendant's RJA claim is not based solely on the trial court record. Rather an RJA claim asserting the Solano County courts, including the trial court here, have sentenced Hispanic and Black defendants more harshly than defendants of other races "necessarily involve[s] facts existing beyond the trial court record" and therefore cannot be resolved on a direct appeal from the challenged judgment or sentence. (Couzens et al., Sentencing Cal. Crimes (The Rutter Group Aug. 2024 Update) ¶ 28:6; § 745, subd. (b) [only claims based on the trial record may be raised on direct appeal].)

In sum, for at least two reasons, defendant's RJA claim is not properly before this court. "This does not leave [defendant] without an adequate remedy," as he may file a petition for a writ of habeas corpus in the appropriate court. (*Lashon, supra,* 98 Cal.App.5th at pp. 817–818.)

*Ineffective Assistance of Counsel*

Defendant also claims his counsel at the resentencing hearing was ineffective because he did not provide the court his files showing defendant's mental and physical health issues and evidence of his rehabilitation.

A defendant claiming ineffective assistance of counsel (IAC) "must show that counsel's representation fell below an objective standard of reasonableness" measured against "prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) "Reasonableness must be assessed through the likely perspective of counsel at the time." (*People v. Ochoa* (1998) 19 Cal.4th 353, 445.) We " ' "defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " ' " (*People v. Hinton* (2006) 37 Cal.4th 839, 876.) Additionally, the defendant must also establish prejudice: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Ibid.*)

As defendant notes, at a resentencing pursuant to section 1172.75, the court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future

6

violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interests of justice." (§ 1172.75, subd. (d)(3).)

Contrary to defendant's contention, the record shows defense counsel did argue for a lesser sentence, pointing out defendant's health issues and rehabilitative efforts.

With respect to defendant's health issues, counsel identified in his sentencing memorandum as a factor in mitigation that defendant was suffering from a mental or physical condition that greatly reduced his culpability. (Cal. Rules of Court, rule 4.423(b)(2).) At the hearing, counsel argued, "regarding the physical or mental condition, . . . from what I understand he was at a bar drinking, so I think that would also factor into him having a mental condition that has effected [*sic*] his ability to think rationally at that point in time."[4] Counsel further stated defendant "has some medical issues that he's been dealing with from what I understand since he was tried back in 2015, 2016, specifically injuries to his back, his neck, his leg. That's why he's in a wheelchair, so Mr. Lopez's lifespan based on those injuries I will think will be less than the average person," and in light of "his health conditions," counsel asked for 20 years to life because then defendant would be 60 years old.

Regarding defendant's rehabilitative efforts, counsel told the court defendant had given him, that afternoon, "certificates and things regarding his school." Defendant, himself, presented the documents to the court

---

[4] We note, however, that defendant has not claimed he suffered a mental illness at the time of the offense or that his conduct gave rise to the underlying charges, as would be required for purposes of dismissing an enhancement (§ 1385, subd. (c)(2)(D)) or as a factor in mitigation (Cal. Rules of Court, rule 4.423(b)(2)).

stating, he "wanted to show part of my rehabilitation, things I'm doing." The trial court went through the documents and listed each one for the record stating, "There is a Health Right 360 from Family Ties through the sheriff. There is an Individual Change plan certificate through the sheriff's department. There is a self-control and substance abuse cognizant behavior program through the sheriff's department." None of the certificates were dated, but the court confirmed they were all within the most recent period of his incarceration when he "came back from the state prison and was here in the county jail." Additionally, the court observed there was a "Solano Community College Rising Scholars program fall semester 2023 and shows a syllabus and looks like maybe some course work but introduction to philosophy class. It's fall of 2023, so all this has been recent."

We also observe that, at the original sentencing hearing, defense counsel asked the same trial court to consider, among other things, that defendant had "suffered a devastating injury, debilitating injury for his entire life" at his job "when he was set to be a supervisor. There is a workers' compensation claim that is pending," and "after this devastating injury . . . there was great depression for Mr. Lopez and, you know, devastating changes in his life."

In short, the record shows counsel apprised the trial court of defendant's mental and physical difficulties. And defendant, himself, presented evidence of the classes and rehabilitative efforts he had undertaken. Indeed, defendant does not explain exactly what information his counsel assertedly failed to provide the court. Thus, on this record, there is no basis for concluding defendant received ineffective assistance of counsel at the resentencing hearing.

*Independent Review*

We have also exercised our discretion to independently review the record and find no arguable issues on appeal.[5]

However, " 'on [our] own motion or upon the application of the parties,' " we may correct clerical errors in the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *ibid.* [clerical errors in abstract of judgment may be ordered corrected at any time]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 [ordering correction of clerical errors in abstract of judgment following *Wende* review]; see *People v. Leon* (2020) 8 Cal.5th 831, 855 ["Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of [a] clerical error."].) Accordingly, we will order the trial court to correct the abstracts of judgment as follows:

First, the captions of both the determinate and indeterminate amended abstracts of judgment reflect a sentencing date of April 27, 2018, the date of the original sentencing. The court shall correct the captions to reflect the date of the resentencing hearing, which was October 2, 2023.

Second, the captions of both amended abstracts state defendant's counsel at the resentencing hearing was Ms. Meenha Lee. However, Ms. Lee was relieved as counsel and Mr. Rashaan Jones was appointed and

---

[5] Defendant also requests new appellate counsel, arguing he received ineffective assistance of counsel. Defendant's contention is without merit. Simply filing a *Wende* brief does not deem counsel's performance as ineffective. Both counsel and this court notified defendant of his right to file a supplemental brief, which he has done. As stated above, having independently reviewed the record there are no arguable issues for new appellate counsel to make on defendant's behalf. Accordingly, defendant's request for appointment of new counsel is denied.

represented defendant at his resentencing hearing. The court shall correct the captions to reflect Mr. Rashaan Jones as defendant's counsel.

Finally, the amended determinate abstract of judgment should be corrected to reflect the updated credits awarded by the trial court toward defendant's determinate term—2,500 days of actual credit plus 375 days of local conduct credits, for a total of 2,875 days.

## DISPOSITION

The judgment is affirmed. The clerk of the court is directed to prepare amended abstracts of judgment reflecting the correct date of the resentencing hearing, defendant's counsel at the resentencing hearing, and the credits awarded by the trial court and to forward certified copies to the Department of Corrections and Rehabilitation.

_____

Banke, J.



We concur:



_____

Humes, P.J.



_____

Siggins, J.*



*Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.



A169183, People v. Lopez

11